U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 0 9 2010

TONY R. MOORE, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| METHANE AWARENESS RESOURCE GROUP, et al., | ) ) ) ) |
| Plaintiffs, | ) ) Civil No. 96-2430 |
| v. | ) ) Judge Haik ) |
| UNITED STATES OF AMERICA, et al, | ) ) |
| Defendants. | ) ) |

**MOTION FOR CIVIL CONTEMPT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs Methane Awareness Resource Group ("MARG"),[1] Diesel Coalition, General Chemical Corp., FMC Wyoming, Morton International, and Lonny Badeaux (collectively, "Plaintiffs" or "MARG") and hereby move the Court for an Order finding the United States of America, the current Secretary of Health and Human Services, the current Director of the National Institute for Occupational Safety and Health, and the current Director of the National Cancer Institute (hereinafter "Defendants" or "Agencies") in contempt of this Honorable Court's Order of June 5, 2001, for the following reasons:

1.

In the above captioned matter, which involved two appeals to the United States Circuit Court of Appeals for the Fifth Circuit, the Agencies were found to have twice violated the provisions of the Federal Advisory Committee Act ("FACA"), Pub. L. 92-

---

[1] Current members of MARG include Cargill, Inc., Detroit Salt, IMC, Morton Salt, General Chemical, and FMC Wyoming.

463, 86 Stat. 770, 5. U.S.C. App. §§ 1-15 (1966) and MARG was therefore found entitled to injunctive relief in remedy of said violations.

2.

On June 5, 2001 this Honorable United States District Court issued a final Order granting injunctive relief which provided, among other things, that Defendants were to: (1) provide certain documents to a Committee of Congress, (2) provide MARG with copies of all documents provided to said Committee, and (3) refrain from publicly releasing information concerning the documents until 90 days after submission. *See* Exhibit A, Docket Number 94.

3.

In the almost nine years since the Court's Order of June 5, 2001, Defendants have obeyed the Order of the Court, having sent relevant documents to the Committee and copies of those documents to Plaintiffs' designated representatives.

4.

On March 1, 2010, Defendants ceased its compliance with the June 5, 2001 Order of the Court. At that time, Defendants submitted to the Committee four documents prepared in connection with the Diesel Study, yet failed to provide Plaintiffs with copies of said documents. After being reminded of their obligations under the Court's Order to provide Plaintiffs with copies of said documents, Defendants refused to comply.

5.

Defendants are in contempt of this Honorable Court's Order of June 5, 2001, for refusing to provide Plaintiffs with copies of the four documents prepared in connection with the Diesel Study that Defendants submitted to Committee on March 1, 2010.

6.

In two separate opinions covering two separate agency actions, this Court and the Court of Appeals for the Fifth Circuit found that Defendants violated FACA, repeatedly. The limited injunctive relief crafted by this Court and the Fifth Circuit contemplated that, prior to publication, Plaintiffs would have an opportunity to review the information and data, and comment on it to the Congressional Committee and to the Agencies. The Court's June 5, 2001, Order provides Plaintiffs with a full 90 days to review all documents submitted to the Committee before the documents are made available to the public.

7.

Defendants' refusal to abide by the June 5, 2001 Order of this Honorable Court not only illustrates contempt for the lawfully made orders of this Court, which cannot be permitted in a system of laws rather than men, but unfairly, unjustly and unreasonably deprives Plaintiffs of any remedy in this case.

8.

To remedy Defendants' violation of this Honorable Court's Order of June 5, 2001 it is respectfully submitted that the Court should:

(1)   hold Defendants in contempt of court;

(2)   order Defendants to immediately produce to Plaintiffs copies of all documents submitted to the Committee in compliance with this Court's June 5, 2001 order;

(3) modify the permanent injunction in this case so that the Defendants are prohibited from releasing Diesel Study documents, drafts, or data to the public, until at least 90 days after providing copies of the documents to the Committee and to MARG;

(4) order Defendants to pay Plaintiffs' attorneys' fees and costs associated this Motion; and,

(5) order such other relief as may be just and proper.

WHEREFORE, Plaintiffs respectfully move the Court for an Order finding the Agencies in civil contempt of the Court's Order of June 5, 2001 and granting Plaintiffs' the relief requested above.

RESPECTFULLY SUBMITTED:
Lemoine & Associates L.L.C.

Joseph L. Lemoine, Jr., La. Bar. No. 8,307
406 Audubon Blvd.
Lafayette, LA 70503
Telephone: 337-233-6200
Facsimile: 337-233-6521
Email: joe@lemoine.com
*Attorney for Plaintiffs*

OF COUNSEL:

Henry J. Chajet
Jeffrey A. Wertkin
Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037
Telephone: 202-457-6000
Facsimile: 202-457-6315
Email: hchajet@pattonboggs.com

# CERTIFICATE OF SERVICE

This is to certify that the foregoing: (1) Plaintiffs' Expedited Motion to Reopen the Docket for Civil Contempt Proceedings; (2) Plaintiffs' Memorandum in Support of Expedited Motion to Reopen the Docket for Civil Contempt Proceedings; (3) Plaintiffs' Motion For Civil Contempt Sanctions and Modification of Injunctive Relief; (4) Plaintiffs' Memorandum in Support of Motion for Civil Contempt Sanctions and Modification of Injunctive Relief; (5) Exhibits A-H attached thereto, (6) Proposed Order Setting Expedited Schedule; (7) Proposed Order Granting Motion to Reopen; (8) Proposed Order to Show Cause; and (9) Proposed Order Granting Civil Contempt Sanctions were filed with the Clerk of Court and sent by first class U.S. mail, facsimile and, where email address is listed below, by electronic mail to the following:

| | |
|---|---|
| Kathleen Sebelius, Secretary<br>Department of Health and Human Services<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br>Facsimile: (202) 690-7203 | David S. Cade<br>Office of General Counsel<br>Department of Health and Human Services<br>200 Independence Ave, S.W., Room 713-F<br>Washington DC 20201<br>Phone: 202-690-7721<br>Facsimile: 202-690-7998<br>Email: David.Cade@hhs.gov |
| Debra Silverman, Sc.D., Sc.M.<br>National Cancer Institute<br>Division of Cancer Epidemiology and Genetics<br>6120 Executive Boulevard, MSC 7242<br>Bethesda, Maryland 20892-7335<br>Facsimile: 301-402-1819<br>Email: silvermand@mail.nih.gov | Mary Mitchell Armstrong<br>Public Health Division<br>Department of Health and Human Services<br>200 Independence Ave, S.W., Room 713-F<br>Washington DC 20201<br>Phone: 202-245-0649<br>Email: mfa9@cdc.gov |
| John Howard, Director<br>National Institute for Occupational Safety and Health<br>395 E Street, S.W.<br>Suite 9200<br>Patriots Plaza Building<br>Washington, DC 20201<br>Facsimile: (202) 245-0628<br>Email: zkz1@cdc.gov | William J. Flanagan<br>Acting United States Attorney for the Western District of Louisiana<br>United States Attorney's Office<br>Western District of Louisiana<br>300 Fannin Street, Suite 3201<br>Shreveport, LA 71101<br>Fax: 318-676-3660 |
| Eric Holder<br>Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br>Fax: (202) 307-6777 | Eric D. Goulian<br>Anne L. Weismann<br>U.S. Department of Justice<br>P.O. Box 883<br>Washington DC 20044<br>Fax: (202) 307-6777 |

Signed in Lafayette, Louisiana this 9th day of April, 2010.

*[signature]*

JOSEPH L. LEMOINE JR.