U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 0 9 2010

TONY R. MOORE, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| METHANE AWARENESS RESOURCE GROUP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al, <br><br> Defendants. | Civil No. 96-2430 <br><br> Judge Haik |

**MEMORANDUM IN SUPPORT OF MOTION FOR CIVIL CONTEMPT SANCTIONS AND MODIFICATION OF INJUNCTIVE RELIEF**

Plaintiffs Methane Awareness Resource Group ("MARG"),[1] Diesel Coalition, General Chemical Corp., FMC Wyoming, Morton International, and Lonny Badeaux (collectively, "Plaintiffs" or "MARG") hereby submit this memorandum in support of their Motion for Civil Contempt Sanctions and Modification of Injunctive relief against Defendants the United States of America, Kathleen Sebelius, Secretary of the Department of Health and Human Services ("DHS"), John Howard, Director of the National Institute for Occupational Safety and Health ("NIOSH"), and Debra Silverman, Director of the National Cancer Institute ("NCI") (collectively, "Defendants").

**INTRODUCTION**

In April 1999, the Fifth Circuit Court of Appeals held that Defendants violated the Federal Advisory Committee Act ("FACA"). *See Cargill, Inc. v. U.S.*, 173 F.3d 323 (5th

---

[1] Current members of MARG include Cargill, Inc., Detroit Salt, IMC, Morton Salt, General Chemical, and FMC Wyoming.

5086872                                    1

Cir. 1999). Based on this violation, this Court fashioned injunctive relief ordering Defendants to: (1) produce certain documents to the U.S. House of Representatives Committee on Education and the Workforce (the "Committee"), (2) provide Plaintiffs with copies of these same documents, and (3) refrain from publicly releasing this information until 90 days after these documents had been produced to the Committee and Plaintiffs. *See* Exhibit A (Docket #94).

Notwithstanding this Court's clear command to turn over to Plaintiffs all documents provided to the Committee, Defendants have refused to produce copies of documents released to the Committee on March 1, 2010. Defendants are clearly in contempt of this Court's June 5, 2001 order. Accordingly, Plaintiffs ask that this Court:

(1) hold Defendants DHS, NIOSH, and NCI in contempt of court;

(2) order Defendants to immediately produce to Plaintiffs copies of all documents submitted to the Committee in compliance with this Court's June 5, 2001 order;

(3) modify the permanent injunction in this case so that Defendants are prohibited from releasing Study documents, drafts, or data, until at least 90 days after providing copies of the documents to Plaintiffs;

(4) order Defendants to pay all attorneys' fees and costs associated with Plaintiffs' efforts made in connection with this Motion; and

(5) order such other relief as may be just and proper.

## FACTUAL BACKGROUND

On June 5, 2001, this Court ordered Defendants to transmit to the U.S. House of Representatives' Committee on Education and the Workforce (the "Committee") certain documents. The Order made clear that these same documents must also be submitted to

Plaintiffs: "Defendants shall provide Plaintiffs with copies of all documents submitted to the Committee in compliance with this order." *See* Exhibit A (Docket # 94). Defendants were also required to refrain from publicly releasing the documents until 90 days after they were submitted to Plaintiffs and the Committee. *Id.*

On March 1, 2010, the National Institute for Occupational Safety and Health ("NIOSH") and National Cancer Institute ("NCI") sent four documents to the Chairman of the House Committee on Education and Labor. In his cover letter transmitting the documents, the NIOSH director acknowledged the agency's continuing obligations under this Court's Order by explaining that these documents were being transmitted "[i]n compliance with the June 5, 2001, order of the United States District Court for the Western District of Louisiana in *Methane Awareness Resource Group v. United States*, C.A. 96-2430 . . . ." *See* Exhibit E.

Defendants are in violation of this Court's June 5, 2001 order because they have failed to provide Plaintiffs with copies of any of the documents submitted to the Committee on Education and Labor on March 1, 2010. In response to Plaintiffs' request to turn over the documents, Mary M. Armstrong, an attorney in the Office of General Counsel for the Department of Health and Human Services, advised that Defendants will not turn over the documents absent a directive from the current Committee Chairman to do so. *See* Exhibit F. Plaintiffs' counsel responded by advising Ms. Armstrong that this Court's Order did not require Congressional approval, and in any event, Congress has previously instructed NOISH and NCI to provide copies of any submissions to Plaintiffs and the agencies agreed to do so. *See id*; Exhibit G. Notwithstanding this Court's clear and unambiguous Order granting injunctive relief, Defendants refuse to provide Plaintiffs

with copies of any of the documents submitted to the Committee on March 1, 2010, eliminated the protection of pre-publication review provided to Plaintiffs by this Court's Order.

## ARGUMENT

**I.     This Court Should Hold Defendants DHS, NIOSH, and NCI In Contempt of Court.**

It is well established that "courts have inherent power . . . to enforce lawful orders by means of civil contempt." *See Shillitani v. United States*, 384 U.S. 364, 370 (1996); *see also NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 702 (5th Cir. 1990) ("[F]ederal courts have inherent power to police themselves by civil contempt, imposition of fines, the awarding of costs and the shifting of fees."); *SEC v. First Financial Group*, 659 F.2d 660, 669 (5th Cir. 1981) (a court can find a party in civil contempt when the party "violates a definite and specific order of the Court requiring him to perform or refrain from performing a particular act or acts with knowledge of the Court's order.").

A party may be held in civil contempt for failure to comply with a court order if (1) a court order was in effect, (2) the order required certain conduct by the respondent, and (3) the respondent failed to comply with the court's order. *See Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 581-82 (5th Cir. 2005). It need not be established that the violation was willful. *See In re: Hipp, Inc.*, 895 F.2d 1503, 1509 (5th Cir. 1990) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, (1949)). As demonstrated below, all of these conditions are met in this case.

A.  **This Court's June 5, 2001 Is In Effect.**

On remand from the Fifth Circuit, this Court crafted an Order for injunctive relief requiring Defendants to submit certain information to the Committee and to Plaintiffs. *See* Exhibit A (Docket #94).  The Court's Order did not contain a time limit or any other language that would limit the effectiveness of Defendant's continuing obligation to produce all relevant documents to the Committee and to Plaintiffs.

For almost nine years Defendants obeyed the Order of this Court, sending prior documents to the Committee and to Plaintiffs.  On March 1, 2010, Defendants satisfied only part of its obligation by submitting final drafts of four papers to the Committee.  In his cover letter transmitting these documents, the NIOSH Director explicitly acknowledged that the Court's June 5, 2001 Order was still in effect:

> In compliance with the June 5, 2001, order of the United States District Court for the Western District of Louisiana in *Methane Awareness Resource Group v. United States*, C.A. 96-2430, a copy of which is enclosed, I am submitting the final drafts of the first four of these papers to your Committee."

*See* Exhibit E (Letter from NIOSH Director dated March 1, 2010).  Yet, in direct violation of this Court's Order, Defendants failed to provide Plaintiffs with copies of the documents submitted to the Committee.

B.  **The Court's June 5, 2001 Order Required Specific Conduct by Defendants.**

On remand from the Fifth Circuit, this Court issued an Order for injunctive relief stating that Defendants shall submit to the U.S. House of Representatives Committee on Education and the Workforce (the "Committee") the following information:

> (1) "documentation of the Board of Scientific Counselor's peer review of the diesel study protocol, including revisions to the protocol made in response to the BSC's peer review,

> with a cover letter explaining why such information is being submitted"; and
>
> (2) "all Diesel Study data requested by the Committee, as well as all draft reports, publications, and draft results or risk notification materials prepared in connection with the Diesel Study."

*See* Exhibit A (Docket #94). The Order further stated that "Defendants shall provide Plaintiffs with copies of all documents submitted to the Committee in compliance with this Order," and that "Defendants shall refrain from publicly releasing information submitted to the Committee until 90 days after it is submitted to the Committee." *Id.* Thus, the June 5, 2001 Order clearly and ambiguously required specific conduct by Defendants.

### C. Defendant Failed to Comply with the Court's Order.

On March 1, 2010, NIOSH and NCI sent four documents to the Chairman of the House Committee on Education and Labor. Defendants failed to comply with this Court's June 5, 2001 Order because they have failed to provide Plaintiffs with copies of the documents submitted to the Committee on Education and Labor on March 1, 2010. Defendants will be in violation of this Court's Order until such time as they produce to Plaintiffs copies of all documents submitted to the Committee in compliance with the Court's June 5, 2001 Order.

II. **The Court Should Use its Inherent Power to Modify the Permanent Injunction to Allow Plaintiffs 90 Days to Review the Documents Before They are Released to the Public.**

Upon a finding of contempt, this Court has broad discretion to implement remedies to protect the sanctity of its decrees and the legal process. *See United States v. Alcoa*, 553 F.3d 278, 286-87 (5th Cir. 2008) ("[D]istrict courts have wide discretion to enforce decrees and to implement remedies for decree violations. . . . Courts have, and

must have, the inherent authority to enforce their judicial orders and decrees in cases of civil contempt."). "[T]he proper aim of judicial sanctions for civil contempt is 'full remedial relief,' that such sanctions should be 'adapted to the particular circumstances of each case,' and that the only limitation upon the sanctions imposed is that they be remedial or coercive but not penal." *Fla. Steel Corp. v. Nat'l Labor Relations Bd.*, 648 F.2d 233, 239 (5th Cir. 1981) (internal citations omitted).

Plaintiffs respectfully request that this Court use its inherent power to modify the injunctive relief ordered in this case to allow Plaintiffs a full 90 days to review all relevant documents before they are released to the public. In two separate opinions covering two separate agency actions, this Court and the Fifth Circuit found that Defendants violated FACA, repeatedly. The limited injunctive relief crafted by this Court and the Fifth Circuit contemplated that, prior to publication, Plaintiffs would have an opportunity to review the information and data, and comment on it to the Congressional Committee and to the Agencies. The Court's June 5, 2001, Order provides Plaintiffs with a full 90 days to review all documents submitted to the Committee before the documents are made available to the public.

To fully enforce its judicial order of June 5, 2001, this Court should modify the order to enjoin Defendants from releasing the relevant documents to the public until 90 days after Defendants provide copies of those documents to Plaintiffs. For example, if Defendants do not release copies of the documents to Plaintiffs until May 1, 2010, then Defendants should be enjoined from publicly disseminating the documents until August 1, 2010. Such an order would provide Plaintiffs with full remedial relief and eliminate

any advantage that Defendants sought to create by unlawfully withholding the documents from Plaintiffs.

### III.     Plaintiffs Are Entitled to an Award of Attorney's Fees

This Court has the authority to award of attorneys' fees for compensatory purposes after a finding of civil contempt. *See Cook v. Ochsner Foundation Hospital*, 559 F.2d 270, 272 (5th Cir. 1977) ("It matters not whether the disobedience is willful, the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party . . ."). Plaintiffs respectfully request that they be made whole by an award of attorney's fees and costs associated with filing this motion.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court:

(1) hold Defendants DHS, NIOSH, and NCI in contempt of court;

(2) order Defendants to immediately produce to Plaintiffs copies of all documents submitted to the Committee in compliance with this Court's June 5, 2001 order;

(3) modify the permanent injunction in this case so that Defendants is prohibited from releasing Study documents, drafts, or data to the public, until at least 90 days after providing copies of the documents to Plaintiffs;

(4) order Defendants to pay all attorneys' fees and costs associated with Plaintiffs' efforts made in connection with this Motion; and

(5) order such other relief as may be just and proper.


Dated April 9, 2010

RESPECTFULLY SUBMITTED:
Lemoine & Associates L.L.C.

*[signature]*

Joseph L. Lemoine, Jr., La. Bar. No. 8,307
406 Audubon Blvd.
Lafayette, LA 70503
Telephone: 337-233-6200
Facsimile: 337-233-6521
Email: joe@lemoine.com
*Attorney for Plaintiffs*

OF COUNSEL:

Henry J. Chajet
Jeffrey A. Wertkin
Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037
Telephone: 202-457-6000
Facsimile: 202-457-6315
Email:  hchajet@pattonboggs.com