```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF LOUISIANA
                    LAFAYETTE-OPELOUSAS DIVISION


METHANE AWARENESS GROUP,       *    Docket No. 96-2430
ET AL,                         *
                               *
          Plaintiffs,          *
                               *
VS                             *    August 18, 2011
                               *
UNITED STATES OF AMERICA,      *
ET AL,                         *
                               *
          Defendants.          *    Lafayette, Louisiana
***************************************************************

       REPORTER'S OFFICIAL TRANSCRIPT OF THE MOTION HEARING
           BEFORE THE HONORABLE RICHARD T. HAIK,
                UNITED STATES DISTRICT JUDGE.

***************************************************************
```

**APPEARANCES:**

For the Plaintiffs:            Joseph Lemoine
                               Mark Savit
                               Avi Meyerstein


For the Defendants:            David M. Glass
                               Janice Hebert




**REPORTED BY:**   Mary Thompson, RMR, FCRR
                   800 Lafayette Street, Ste. 3105
                   Lafayette, Louisiana  70501
                   (337)593-5222

```
 1                    P R O C E E D I N G S
 2
 3            THE COURT:  Are we ready to proceed in this matter?
 4            MR. LEMOINE:  Can we have a sidebar?
 5            THE COURT:  There is nobody in the whole building.
 6    We can go off the record.
 7            MR. LEMOINE:  Okay.
 8            THE COURT:  This will be off the record.
 9                       (Discussion held off the record.)
10            THE COURT:  Let's go.
11            You're not the mover.  Let's go with the mover.
12            Let's get appearances for the record, first,
13    please.
14            MR. LEMOINE:  Judge, Joe Lemoine for the
15    plaintiffs, Methane Awareness Group, and the other
16    plaintiffs.
17            THE COURT:  All right.
18            MR. LEMOINE:  With respect, I would like to present
19    Mr. Mark Savit who would like to argue the motion before the
20    Court.
21            THE COURT:  Okay.  And who else is here?
22            MR. LEMOINE:  This is Mr. Avi Meyerstein.
23            THE COURT:  Is he insignificant?  Why didn't you
24    introduce him?
25            MR. LEMOINE:  Because he wasn't going to get up
```

```
 1   here and talk.  But, no, he's not insignificant.  He is a --
 2   because he wasn't planning on talking, but that's all right.
 3              THE COURT:  That's okay.  He is an attorney?
 4              MR. LEMOINE:  They are both attorneys, Judge.  Both
 5   of them -- last week I filed motions for them to appear
 6   pro hac vice.  Everything is in order.  They were sent over
 7   to Magistrate Hanna.  I haven't seen Magistrate Hanna's order
 8   yet.
 9              THE COURT:  I'll allow that -- I'll order that it
10   is filed and it is accepted by the Court.
11              MR. LEMOINE:  All right.  So with the Court's
12   permission, Mr. Savit would step forward.
13              THE COURT:  All right.  Let's get appearances from
14   the government.
15              MS. HEBERT:  Your Honor, Janice Hebert with the
16   United States Attorney's Office, Your Honor, on behalf of the
17   federal defendants.
18              MR. GLASS:  And David Glass from DOJ in Washington.
19              THE COURT:  All right.  Please.
20              MR. SAVIT:  Your Honor, if I might, my name is Mark
21   Savit.  I'm from Patton Boggs.  We represent Methane
22   Awareness Group.
23              The motion before the Court -- as the Court has
24   said, the Court's familiar with the motion.  The motion just
25   asks that the 2001 order that this Court issued be enforced,
```

1	and that the data and draft publications and other materials
2	that we have asked for since 2001 be turned over to the
3	plaintiff.
4	          THE COURT:  All right.  And you also asked for
5	attorneys' fees --
6	          MR. SAVIT:  Yes, we did.
7	          THE COURT:  -- and penalties and some other things.
8	Do you wish to waive that or you still --
9	          MR. SAVIT:  No, we still ask for all of the other
10	remedies that are in there.
11	          THE COURT:  Okay.  All right.
12	          From the government?
13	          MR. GLASS:  Thank you, Your Honor.
14	          Your Honor, these proceedings are about one thing,
15	and one thing only, and that's how quickly we can -- we can
16	publish the last three papers in the study that has been
17	going on for 20 years.  Last year this Court issued a roadmap
18	for the publication --
19	          THE COURT:  The Court didn't issue a roadmap.  What
20	the Court did was didn't hold you in contempt for not
21	following the order of 2001.  And the only reason I did that
22	is because I thought maybe that y'all made a little mistake,
23	and I cut you some slack.  You took that as a road mark (sic)
24	saying I had changed the order of 2001?
25	          MR. GLASS:  Your Honor, we did not do that.  We

1  have complied with that order.
2           What Your Honor told us to do in 2010 was tell us
3  what hoops to jump through to publish the first four papers.
4  We jumped through those hoops.  Plaintiffs --
5           THE COURT:  No, that's not what I did.
6           MR. GLASS:  That's --
7           THE COURT:  In 2010 what I did was not hold y'all
8  in contempt for not following the 2001 order because you had
9  already done it.  And I thought, okay, they slipped up.  They
10 made a little mistake.  Sometimes the government does stupid
11 things.  And because of that, I'm not going to hold y'all in
12 contempt.  But you're thinking that the 2010 order supersedes
13 the 2001 order --
14          MR. GLASS:  Not at all.
15          THE COURT:  -- when I specifically said 1, 2 and 3?
16          MR. GLASS:  And we did 1, 2 and 3, Your Honor.
17          THE COURT:  In 2010 you did 1, 2 and 3.
18          MR. GLASS:  Exactly, Your Honor.  And we complied
19 with that 2001 order.  We produced the documents that
20 Congress --
21          THE COURT:  No, you complied with the 2010 order.
22 You didn't comply with the 2001 order.  You complied with the
23 2010 order which said I am not holding you in contempt.  Do
24 this, 1, 2 and 3, immediately.  Didn't I say immediately?
25          MR. GLASS:  And we did it.

```
 1              THE COURT:  That's right.  In 2010 you did it.
 2              MR. GLASS:  We did it.
 3              THE COURT:  But you didn't do it -- this time you
 4    did the same thing in 2011 that you should have been held in
 5    contempt for in 2010.
 6              MR. GLASS:  Well, Your Honor -- but the issue in
 7    2010 was sending these documents out to be peer reviewed,
 8    which we are entitled to do, and which we are required to do
 9    under act of Congress.  They moved to hold us in contempt for
10    that.  We were not held in contempt for that.  How were we to
11    know that we were not supposed to get -- to send these
12    documents out to be peer reviewed this time?
13              THE COURT:  How do you know you weren't supposed to
14    follow the order of 2001 --
15              MR. GLASS:  We followed it.
16              THE COURT:  -- because I just cut you some slack in
17    2010?
18              MR. GLASS:  Your Honor, the motion --
19              THE COURT:  That is the most ridiculous thing I've
20    ever heard of.
21              MR. GLASS:  Your Honor, the motions for contempt in
22    2010 were that we hadn't given the plaintiffs the final
23    drafts of the papers.  You ordered us to do that.  We did
24    that.  The other motion for contempt in 2010 was --
25              THE COURT:  I ordered you to do it in retrospect.
```

```
1   You should have given it to them before you sent it out.
2           MR. GLASS:  Well -- and this is what we're doing
3   this time.  We want to send --
4           THE COURT:  No, what you're doing this time is you
5   did the same thing you did last time.  You sent it before you
6   sent it to them to give them an opportunity to review it.
7           MR. GLASS:  We're going to do it.  We're going to
8   send it to them.
9           THE COURT:  Of course you're going to send it
10  because I'm going to order you to send it.  And when I hold
11  you in contempt of court, you're going to know why.  This is
12  ridiculous.  Do you actually think -- do you actually believe
13  that the 2001 -- that you followed the 2001 order?  Do you
14  actually believe that?
15          MR. GLASS:  Yes, sir, we do.
16          THE COURT:  That is -- then you -- somebody is
17  grossly misunderstanding what the 2001 order is, and it's
18  you.
19          MR. GLASS:  Well, Your Honor, I respectfully
20  disagree, but --
21          THE COURT:  Well, you can respectfully disagree.
22          And I don't normally get too excited.  I really
23  don't.  I'm really kind of a nice guy most of the time.  But,
24  you know, I cut you the slack last time, and you take that to
25  believe that you don't have to follow the order.  That's not
```

```
 1    right.
 2             MR. GLASS:  All right, Your Honor.
 3             THE COURT:  That's improper.  It's inappropriate.
 4    It's wrong.
 5             That's why I asked Ms. Hebert, did you tell them
 6    it's okay -- at that little sidebar we had, I said, did you
 7    tell them it's okay to not follow the order, and she said no,
 8    because she knows that's not what I meant.  And you should
 9    have known it, too --
10             MR. GLASS:  All right, Your Honor.
11             THE COURT:  -- because it is clear.
12             MR. GLASS:  But the issue now is whether we have to
13    go through a two-year documents production before we publish
14    these papers, and we say no, there's no reason for that,
15    there is no rationale for that under the Advisory Committee
16    Act.  And there is no reason for us now to have to spend
17    thousands of staff hours to produce to the plaintiffs every
18    single piece of paper having to do with this 20-year study.
19             That's what we're talking about here.  What we're
20    talking about here is whether we can publish these last three
21    papers when they are ready for publication after the
22    plaintiffs have had 90 days to look at them or whether we
23    have to produce to them every single piece of paper in the
24    files of the Department of Health & Human Services having to
25    do with that study.  That's going to take thousands of hours
```

```
 1   of staff time, and at the end of the day we're going to be
 2   back in this court litigating privilege claims over that.
 3   So --
 4              THE COURT:  No, we're not.
 5              MR. GLASS:  Well --
 6              THE COURT:  You may be, but you're going to lose.
 7              MR. GLASS:  Well, then we may well.
 8              But that's what we're talking about, can we get the
 9   study published, can we get the study off the books, can we
10   eliminate any reason for any further contested proceedings in
11   this case.  That's what we're talking about.
12              THE COURT:  All right.  Let me hear from the
13   plaintiff.
14              Let me ask the plaintiff this.  It appears that
15   what you're asking for is immediate compliance with the 2001
16   order.
17              MR. SAVIT:  That's what we're asking for.
18              THE COURT:  I'm going to order that.
19              What else are you going to ask for?
20              MR. SAVIT:  We're asking for the government to be
21   held in civil contempt for --
22              THE COURT:  I'm going to hold the government in
23   civil contempt.
24              MR. SAVIT:  And we're asking for attorneys' fees.
25              THE COURT:  And how much?
```

```
 1               MR. SAVIT:  I haven't calculated them, Judge.
 2               THE COURT:  I'm going to grant attorneys' fees.
 3               MR. SAVIT:  I'll be glad to submit a --
 4               THE COURT:  What else do you want?  Immediate
 5     production of non-confidential data, documents, drafts,
 6     et cetera?
 7               MR. SAVIT:  Yes.  We consider that compliance with
 8     the 2001 order.
 9               THE COURT:  I do, too.  I'm going to order that.
10               What else do you want?
11               MR. SAVIT:  I need to go check my order and make
12     sure I've included everything, Judge.  But we would like
13     to -- you to enter the draft order as written.
14               THE COURT:  All right.
15               MR. GLASS:  Your Honor, may I be heard on it for a
16     minute?
17               THE COURT:  No, that's enough.  I have ruled.
18     That's my ruling.
19               MR. GLASS:  May I ask the Court to stay the order
20     pending appeal?
21               THE COURT:  No.  You can ask.  I'm going to deny
22     it.
23               MR. GLASS:  That's fine.  Thank you.
24               THE COURT:  That's all.  Thank y'all very much.
25               MR. SAVIT:  Thank you, Your Honor.
```

```
 1                              (Proceedings adjourned.)
 2
 3                         * * * *
 4                        CERTIFICATE
 5
 6      I hereby certify this 18th day of August, 2011, that the
 7   foregoing is, to the best of my ability and understanding, a
 8   true and correct transcript of the proceedings in the
 9   above-entitled matter.
10
11                                      S/Mary V. Thompson
12   _____
                                        Official Court Reporter
13
14
15
16
17
18
19
20
21
22
23
24
25
```